IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 23-CR-1007 |
| Plaintiff, | |
| vs. | |
| STEVEN NIEDERT, | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant. | |

Steven Niedert, through counsel, hereby submits the following sentencing memorandum.

## I. Witnesses

Defendant does not anticipate calling any witnesses at the sentencing hearing.

## II. Exhibits

Defendant does not anticipate submitting any exhibits at the sentencing hearing.

## III. Issues

The Final Presentence Investigative Report (PSR) identified two issues that require the Court's resolution: 1) whether to impose a $5,000 special assessment pursuant to the JVTA; and 2) whether to impose an assessment pursuant to the AVAA? Docket No. 90.

   A. The Court Should Not Impose An Assessment Pursuant To The JVTA

The JVTA requires courts to impose a $5,000 special assessment on any "non-indigent" person. 18 U.S.C. § 3014(a). The Defendant is 47 years old. PSR at p. 2. He has presumably worked his entire adult life. PSR ¶ 51. He has never earned $20,000 in any given year. PSR ¶ 52. His low earnings explain why despite paying $38,014.69 in child support, he still owes $19,635.31. PSR ¶ 54. The Defendant's indigency is reflected through his earnings history.

1

The Defendant's personal financial statement detailing his assets and liabilities further demonstrate his indigency. PSR ¶ 55. His only asset, a 2018 Kia, has been repossessed. Id. In addition, the Defendant's discharge of $37,236.49 of debt in bankruptcy establishes his indigency. PSR ¶ 56.

Because the Defendant is indigent, the Court should not impose the JVTA special assessment.

B. The Court Should Not Impose An Assessment Pursuant To The AVAA

In addition to the § 3553(a) factors, the Court must also consider the following criteria to determine whether to impose any penalty pursuant to the AVAA:

> (1) the defendant's income, earning capacity, and financial resources;
>
> (2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;
>
> (3) any pecuniary loss inflicted upon others as a result of the offense;
>
> (4) whether restitution is ordered or made and the amount of such restitution;
>
> (5) the need to deprive the defendant of illegally obtained gains from the offense;
>
> (6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;
>
> (7) whether the defendant can pass on to consumers or other persons the expense of the fine; and
>
> (8) if the defendant is an organization, the size of the organization and any measure

2

taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

See § 3572.

As written above, the Defendant's income and financial resources are just over the poverty line.[1] It seems reasonable to predict that the Defendant's earning potential will be substantially lower years from now when he is released from federal prison and required to register as a sex offender.

The Court should find that §§ 3553(a) and 3572 do not support imposition of a penalty pursuant to the AVAA.

## IV. Conclusion

For the above reasons, the Defendant respectfully requests that this Court sustain his objections to PSR paragraphs 81 and 82.

CERTIFICATE OF SERVICE
I hereby certify that on February 20, 2024, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

By: /s/ Melissa Dullea

FEDERAL DEFENDER'S OFFICE
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401-1509
TELEPHONE: (319) 363-9540
TELEFAX: (319) 363-9542

BY: /s/ Christopher J. Nathan
CHRISTOPHER J. NATHAN
christopher_nathan@fd.org
ATTORNEY FOR DEFENDANT

---

[1] https://fplcalculator.com/?gad_source=1&gclid=EAIaIQobChMIxLGpubG6hAMVBiytBh3VfQ3pEAAYASAAEgKiJvD_BwE